FILED
2008 Jan-18 PM 02:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
08 JAN 17 AM 8:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| CAROL WHELCHEL,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC., C.R. BARD, INC.AND; JOHN DOE, RICHARD ROE, ABC, INC.; DEF, CORP.; GHI, Ltd.; JKL; MNO; A,B,C,D,E,F,G,H,I;<br><br>Defendants. | ) | Case No.: ______________<br><br>CV-08-S-0098-NE |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Circuit Court of Madison County, Alabama, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with his Complaint filed in the Circuit Court of Madison County, Alabama on or about December 27, 2007. Davol was served with the Complaint on or about December 31, 2007. Bard has not been served but expressly joins in this Notice of Removal.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto as Ex. A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Circuit Court of Madison County, Alabama, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 81(a)(2).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Circuit Court of Madison County, Alabama, where Plaintiff's Complaint is pending. A copy of this Notice of Removal and the written notice of same provided to the state court is also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified amount damages, Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See*

Compl. ¶¶ 5-6.) Plaintiff alleges that due to its allegedly defective design the Composix® Kugel® hernia patch failed, and, as a result, "[Plaintiff has] incurred medical expenses and will do so in the future; [and Plaintiff has] incurred severe physical pain and mental anguish and will do so in the future." (*Id.* ¶ 30, 39); *see also id.* ¶ 22. (also alleging that Plaintiff's physical pain and mental anguish is a result of the Composix Kugel Patch). Plaintiff further alleges that she "was scarred; and he (sic) has incurred lost enjoyment of life and will do so in the future." (*Id.* ¶ 30); Plaintiff seeks recovery for an "appropriate" amount (*See* Compl. Prayer), as well as for punitive damages. *See id.* ¶ 29 (seeking "additional damages for aggravating circumstances in such a sum which will serve to deter...similar conduct in the future").

8. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory and punitive damages allegations as to each count of her Complaint, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."); *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, other plaintiffs have brought other actions against Davol and Bard making similar allegations as the claims expressed here, pleading an amount-in-controversy in excess of $75,000. *See, e.g. Staton v. Davol Inc. and C.R. Bard, Inc., et al.*, No. 07-cv-1033-S (N.D. Ala.) (alleging damages in excess of amount required by 28 U.S.C. § 1332) (Ex. B); *see also In re*

*Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry). Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Are Completely Diverse**

9. Plaintiff is a resident citizen of Madison County, Alabama. (*See* Complaint ¶ 1.)

10. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

11. Defendant Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

12. Defendants "JOHN DOE, RICHARD ROE, ABC, INC.; DEF, CORP.; GHI, Ltd.; JKL; MNO; and A,B,C,D,E,F,G,H,I" are named and sued fictitiously, and consequently their citizenship is disregarded for purposes of determining this Court's diversity jurisdiction. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Circuit Court of Madison County, Alabama, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: January 17, 2008

Respectfully submitted,

CABANISS, JOHNSTON, GARDNER, DUMAS & O'NEAL LLP

Crawford S. McGivaren, Jr.
Melanie M. Atha
ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

OF COUNSEL:
Cabaniss, Johnston, Gardner, Dumas
& O'Neal LLP
2001 Park Place North
Suite 700
Birmingham, AL 35203
(205) 716-5200

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing on all parties to this proceeding, or their attorney of record, as follows:

Mr. J. Brent Burney
BURNEY & BURNEY
107 Grant Street S.E.
P.O. Box 1474
Decatur, AL 35602

by placing the same in the United States mail, first class postage prepaid and properly addressed this 17 day of January, 2008.

BY: ______________________
OF COUNSEL

# EXHIBIT A

ELECTRONICALLY FILED
12/27/2007 4:28 PM
CV-2007-900836.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
JANE C. SMITH, CLERK

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **CAROL WHELCHEL,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **Case Number: CV** |
| | ) | |
| **DAVOL INC., C.R. BARD, INC. AND;** | ) | |
| **JOHN DOE, RICHARD ROE, ABC,** | ) | |
| **INC.; DEF, CORP.; GHI, Ltd.; JKL;** | ) | |
| **MNO; A, B, C, D, E, F, G, H, I;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

---

**COMPLAINT**

---

**PARTIES**

1. Plaintiff, CAROL WHELCHEL (Mrs. Whelchel) is a citizen and resident of the County of Madison, State of Alabama.

2. Defendant, DAVOL, INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD, INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and

supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island.

4. Defendants ABC, Inc., DEF Corp., GHI, Ltd.; JKL, MNO, are general partnerships, limited partnerships, corporations or other legal entities or businesses that were either directly or indirectly involved in the design, manufacture, marketing and sale of any part or component of the complete finished product that was a cause or a contributing cause of the injuries made the basis of this suit. John Doe, Richard Roe, A, B, C, D, E, and F, are individuals either in their individual or official capacity, that were either directly or indirectly involved in the design, and manufacture of any part or component of the complete finished product that was a cause or a contributing cause of the injuries made the basis of this suit. G, H, I, are individuals, in either their individual or official capacities, whose actions or inactions were a cause of the injuries made the basis of this suit.

## FACTS

5. Defendant DAVOL designed, manufactured and distributed the Kugel Patch and Mesh that was inserted into Ms. WHELCHEL's body.

6. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch and Mesh that was inserted into Ms. WHELCHEL's body.

7. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

8. The Composix Kugel Patch hernia repair products implanted in Ms. WHELCHEL were designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and were further represented by DAVOL to be appropriate, cost-effective and suitable products for such purpose.

9. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

10. On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches under a Class I recall notice.

11. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break or fail under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

12. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

13. On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product.

14. DAVOL and BARD withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product.

15. Upon information and belief, DAVOL and BARD failed to comply with the FDA application and reporting requirements.

16. Upon information and belief, DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Composix Kugel Patch and Mesh before were recalled.

17. Upon information and belief, DA VOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch and Mesh.

18. Upon information and belief, the complications and failures associated with the Composix Kugel Patches and Mesh are not limited to the sizes which DAVOL and BARD has already recalled.

19. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and Mesh and chose not to issue a recall on all Kugel Composix Patches and Mesh in the face of the high degree of complication and failure rates.

20. On March 4, 2004, Ms. WHELCHEL had an incarcerated recurrent incisional hernia repaired at Huntsville Hospital in Huntsville, Alabama. A Large Oval Composix Kugel Patch and Mesh were implanted into Ms. WHELCHEL by Dr. Peter Vevon, M.D. Upon information and belief, the Large Oval Composix Kugel Patch and Mesh implanted in Ms. Whelchel was from Lot 43DND253.

21. Following the Plaintiff's surgery on March 4, 2004, she had constant problems with the healing of the mesh implant site. On or about December 28, 2005 Ms. Whelchel underwent an exploratory laparotomy due to chronic draining sinuses from the prior hernia repair surgery and the possibility of a enterocutaneous fistula. The previously implanted Composix Kugel Patch and Mesh was removed at this time and replaced with Surgisis Mesh.

22. Ms. WHELCHEL has suffered and will continue to suffer physical pain and mental anguish as a result of the Composix Kugel Patch and Mesh.

**COUNT I**

23. Ms. WHELCHEL re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

24. Defendants DAVOL and BARD have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting the Kugel Patch and Mesh, and through that conduct they have knowingly and intentionally placed the Kugel Patch and Mesh into the stream of commerce with full knowledge that it would arrive in the judicial circuit where it was inserted in the Plaintiff. Defendants did in fact sell, distribute, supply, manufacture, and/or promote, individually and collectively, the Kugel Patch and Mesh to Plaintiff, and to her surgeon. Additionally, Defendants expected the Kugel Patch and Mesh they were selling, distributing and supplying, manufacturing and/or promoting to reach, and the Kugel Patch and Mesh did in fact reach, surgeons and consumers in this State and in this judicial circuit, including Plaintiff, and her surgeon, without substantial change in the condition of the products.

25. At all times herein mentioned, the aforesaid products were defective and unsafe, and were so at the time they were distributed by Defendants and inserted into Plaintiff. The Kugel Patch and Mesh at the time it reached the plaintiff, was in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, as defined under the Alabama Extended Manufacturer's Liability Doctrine, in that: the Kugel Patch and Mesh was defectively designed and/or manufactured in such a way that allowed the "memory recoil ring" to break or fail under pressure when put to its intended use.

26. Defendants knew that the aforesaid product was to be used by the user without inspection for defects therein.

27. The Plaintiff used the product for its intended purpose.

28. Plaintiff did not know, nor did Plaintiff have reason to know, at the time of the use of the aforesaid products, or at any time prior thereto, of the existence of the foregoing described defects. These defects caused Plaintiff the injuries described herein and the injuries from which the Plaintiff continues to suffer.

29. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

30. As a proximate consequence of the aforedescribed conduct of the defendants, the plaintiff incurred the following injuries and damages: she incurred medical expenses and will do so in the future; she incurred severe physical pain and mental anguish and will do so in the future; she was scarred; and he has incurred lost enjoyment of life and will do so in the future.

**WHEREFORE,** Plaintiff, demands a judgment against the defendants in an amount that this Jury deems appropriate, plus costs.

## COUNT II

31. Ms. WHELCHEL re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

32. In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Patch and Mesh for hernia repair surgeries.

33. At the time of the design, manufacture and sale of the Composix Kugel Patch and Mesh, and more specifically at the time Ms. WHELCHEL received the Composix Kugel Patch and Mesh, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches and Mesh were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch and Mesh.

34. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Patch and Mesh, including but not limited to rupture of the Patch and Mesh which would require subsequent surgical procedures and could result in severe injuries.

35. The dangerous and defective conditions in the Composix Kugel Patches and Mesh existed at the time they were delivered by the manufacturer to the distributor. At the time Ms. WHELCHEL had her hernia repair surgery the Composix Kugel Patch and Mesh were in the same condition as when manufactured, distributed and sold.

36. Ms. WHELCHEL did not know at the time of use of the Composix Kugel Patch and Mesh, not at any time prior thereto, of the existence of the defects in the Patches and Mesh.

37. Ms. WHELCHEL suffered the aforementioned injuries and damages as a direct result

of DAVOL and BARD's failure to warn.

38. The conduct of BARD and DAVOL in continuing to market, promote, sell and distribute the Composix Kugel Patch and Mesh after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

39. As a proximate consequence of the aforedescribed conduct of the defendants, the plaintiff incurred the following injuries and damages: she incurred medical expenses and will do so in the future; she incurred severe physical pain and mental anguish and will do so in the future; she was scarred; and he has incurred lost enjoyment of life and will do so in the future.

**WHEREFORE**, Plaintiff, demands a judgment against the defendants in an amount that this Jury deems appropriate, plus costs.

J. Brent Burney (BUR106)
Attorney for the plaintiffs

**OF COUNSEL:**
BURNEY & BURNEY
107 Grant Street S.E.
P.O. Box 1474
Decatur, Al 35602
(256) 350-9988
Fax: (256) 350-9940

**THE PLAINTIFF DEMANDS A TRIAL STRUCK BY JURY ON ALL COUNTS.**

J. Brent Burney (Bur 106)